UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KAYLA SWINDLE | * | CIVIL ACTION NO. 25-1962 |
| | * | |
| | * | SECTION: "P"(1) |
| VERSUS | * | |
| | * | JUDGE DARREL JAMES PAPILLION |
| | * | |
| THE DUTRA GROUP, INC. | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************* | * | |

ORDER AND REASONS

This is a Jones Act and General Maritime Law personal injury lawsuit. Presently, the defendant employer and owner/operator of the vessel on which the incident occurred seeks to file a third-party complaint against the fireboat that it believes caused the wake that resulted in plaintiff's injuries. Because defendant has not yet identified the third-party vessel or its owners, the Court finds the proposed amendment is premature. Accordingly, the Motion for Leave to File Third-Party Complaint (Rec. Doc. 12) is DENIED without prejudice.

Background

Plaintiff Kayla Swindle was employed by defendant The Dutra Group, Inc. ("Dutra") as a Jones Act Seaman aboard the M/V CAPE ANN. Rec. Doc. 1, at 1. Dutra owns, operates, and controls the vessel. Id. at 2. On April 19, 2025, Ms. Swindle was working in the engine room of the M/V CAPE ANN when she hit her head multiple times after significant wakes/waves hit the vessel. Id. She alleges she did not receive any wake or wave warning from other Dutra crew members who were on duty and in a better position to see and watch for oncoming traffic and wakes. Id. She suffered serious painful injuries to her head, neck, and other parts of her body. Id. She filed the present Complaint for damages against Dutra on September 20, 2025. Id.

1

Dutra filed its Answer. Rec. Doc. 5. Among other defenses, Dutra alleges that Ms. Swindle's "accident and injuries, if any, were the result of her own fault and/or neglect and/or the fault and/or neglect of other persons or vessels for whom Dutra cannot be held responsible, the particulars of which will be shown at the trial of this matter and which fault and neglect are pleaded as a bar to and/or in diminution of plaintiff's recovery herein." Id. at 2.

The District Court issued a scheduling order in late January 2026. Trial is set to begin on January 25, 2027. The deadline to complete discovery is October 15, 2026. The deadline to amend pleadings was February 27, 2026.

On February 27, 2026, Dutra attempted to file its Third-Party Complaint. The filing was marked deficient because Dutra had not requested leave of court. On March 5, 2026, Dutra filed the present Motion for Leave to File Third-Party Complaint. Rec. Doc. 12. It seeks to name as a defendant "John Doe," the unidentified owner/operator/charterer/manager of an unknown Fire Boat that created the wake of waves referenced in Ms. Swindle's complaint. Dutra argues that its filing would allow the fault allocation and contribution issues to be resolved in a single proceeding, promoting efficient resolution and reducing the risk of parallel litigation and inconsistent findings. Considering that the identity of the Fire Boat and its owner and operator have not yet been confirmed, it describes its proposed pleading as "precautionary."

Ms. Swindle opposes. She argues that the proposed pleading is unnecessary and premature. She submits that if the unknown Fire Boat is later identified, she "would not object tot the addition of an actual third party, who can be served, appear, and present evidence on the facts at issue and in dispute in this case." Rec. Doc. 13. At this stage, though, she insists that the joinder of an unknown party would be impractical at best.

Law and Analysis

When the deadline to amend pleadings has passed, a party seeking to do so must first establish good cause pursuant to Rule 16 of the Federal Rules of Civil Procedure. Fed. R. Civ. Proc. 16(b)(4); see S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003). When determining whether the movant has shown good cause, the Court considers "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice.'" S&W Enterprises, 315 F.3d at 536 (quoting Reliance Ins. Co. v. Louisiana Land & Expl. Co., 110 F.3d 253, 257 (5th Cir. 1997)) (alterations in original).

Additionally, the movant must satisfy Rule 15(a)(2), which provides that when the time period for amending a pleading as a matter of course has passed, a party may amend its pleadings by consent of the parties or by leave of court. Fed. R. Civ. Proc. 15(a)(2). While the court must grant leave freely when justice so requires, "that generous standard is tempered by the necessary power of a district court to manage a case." Yumilicious Franchise, L.L.C. v. Barrie, 819 F.3d 170, 177 (5th Cir. 2016) (quoting Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003)). The court may consider numerous factors when deciding whether to grant a motion for leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." Schiller, 342 F.3d at 566.

Even if Dutra establishes good cause under Rule 16, the Court finds that justice requires leave be denied. There is no dispute here that if the Fire Boat and its owners/operators were

3

identified, Dutra could seek to name them as third-party defendants pursuant to Rule 14(a) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 14(a)(1) ("A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."). The problem is that the Fire Boat has not been identified.

Importantly, as courts in this circuit have observed, "fictitious party practice is not permitted in federal court." Gilbert v. Cates, No. CV 17-04786, 2018 WL 3417906, at *26 (E.D. La. July 13, 2018); Alexander v. City Police of Lafayette, No. 6:11-CV-01749 SEC P, 2019 WL 2345083, at *6 (W.D. La. Feb. 27, 2019), report and recommendation adopted, No. 6:11-CV-01749, 2019 WL 2334196 (W.D. La. May 29, 2019). In both Gilbert and Alexander, the courts denied plaintiffs leave to amend their complaints and join unidentified insurance companies they contended could be liable.

A plaintiff may be allowed to proceed with fictitiously named unidentified defendants in certain circumstances. 139 A.L.R. Fed. 553 § 4[a] (noting that while federal courts generally disapprove of "designating defendants by fictitious names . . . such a procedure may be used in unusual circumstances"). Here, though, there are no circumstances that would warrant the assertion of a third-party complaint against an unknown defendant. To the contrary, allowing the amendment now would only impose procedural hurdles. For example, the Federal Rules require that a defendant be served with the summons and complaint within 90 days. See Fed. R. Civ. P. 4(M). How will Dutra meet this requirement without the identity of the third-party defendant?  Indeed, how will the summons be issued at all? If the Fire Boat is ultimately identified, a further pleading amendment will be required. If it is not, it will have to be dismissed. Ultimately, a complaint against an unidentified defendant is futile.

4

Moreover, Dutra has identified no prejudice it might suffer if the amendment were not permitted. It has already asserted third-party fault as a defense. Discovery into this issue will be allowed. And if the Fire Boat is identified, Dutra can seek to assert a Third-Party Complaint at that time. Ms. Swindle will not oppose.

Under the circumstances, the Court finds that justice requires leave be denied.

<u>Conclusion</u>

Because Dutra has not yet identified the third-party vessel or its owners, the Court finds that it is premature to assert a third-party complaint. Doing so would provide no benefit to Dutra and would only complicate the procedural posture of the case. Accordingly, the Motion for Leave to File Third-Party Complaint (Rec. Doc. 12) is DENIED without prejudice.

New Orleans, Louisiana, this 30th day of March, 2026.

_____
Janis van Meerveld
United States Magistrate Judge

5